## HOWE and others *v.* NEEMES and others.

*(Circuit Court, N. D. Illinois.* October 1, 1883.)

1. PATENT LAW—INFRINGEMENT.
   Where a combination is claimed by a patentee, it is a familiar principle that all the parts of the combination must be used by the defendant in order to constitute an infringement.

2. SAME.
   Following the above-stated principle, it was held that the reissue of letters patent No. 9,942, dated November 22, 1881, for a new device for packing stick-candy in packages, was not infringed by the defendants, since they did not use part of the combination of the patentee, which figures in all of his claims as an essential element of the patent.

In Equity.

*John G. Elliott,* for complainants.

*West & Bond,* for defendants.

DRUMMOND, J. The bill in this case alleges a violation by the defendant of the reissued patent of Warren B. Howe, dated November 22, 1881, No. 9,942. The original patent was dated August 3, 1880, No. 230,778. It is claimed by the defense that the reissued patent is invalid, because the reissue is not for the same supposed invention as the original, and because it does not distinguish the old from the new; and as it is also claimed that the subject-matter, as well of the original as of the reissue, is not patentable, it is well to understand the nature of the original and of the reissue.

The patentee claims that he has invented a new device for packing stick-candy in bundles or packages in a convenient form for placing them in tubs, barrels, or *boxes,* for shipment from the factory to the trade. A description of the invention may be stated in this form: If we take a rectangular block of the proper length and width, as compared with the sticks of candy to be packed, and cut out of this block an angular or V-shaped recess in the form of a wedge, of the proper size to make the package, and then place in this recess a paper of sufficient stiffness to retain its shape when the package is made up, and place the sticks of candy with the ends evened in the recess over the paper, so as to fill it, and then fold the paper around the candy to form a neat and compact package in outline, we shall have a reasonably correct idea of the result claimed by the patentee. The package thus made becomes, like the recess, wedge-shaped, and if we suppose it to occupy its original position in the recess, it becomes, the patentee says, "an inverted pyramid," having inclined sides and vertical "ends." This last cannot be considered a statement strictly accurate. He describes the manner in which the wrapper should be folded around the candy, and the package removed from the recess in order to complete the folding, although, from the language already cited from the original, it would seem that there may be a doubt whether the manner in which the wrapper is folded constitutes an

essential part of the invention; and although he says that packing the bundles for shipment forms no part of the invention, still it seems clear that one object of the patentee was to make packages of a peculiar form, which might be conveniently and economically packed, with reference to the space to be filled, in circular vessels.

The original patent consisted of two claims: The first was for the device described, for packing stick-candy in triangular-shaped packages, consisting of the block provided with the angular recess, as set forth; and the second was the method described of packing stick-candy in triangular-shaped packages, consisting of first placing the wrapper in the recess, and then placing the stick-candy in the paper in the recess, until the bulk attained approximately the shape of the recess, then folding and creasing the wrapper against the ends of the stick-candy, and finally removing the wrapper and contents from the recess and completing the folding of the wrapper as described; the general result of which was the making of packages of stick-candy in this form by the devices mentioned.

Although the specifications of the original patent speak of the paper being folded in any suitable manner that will form a neat and compact package in outline, it qualifies this general description by declaring: "As will be hereinafter more fully described and particularly pointed out in the claim." And if we refer to the second claim, there seems to be great force in the position that it includes the particular manner described in which the paper is folded around the sticks of candy.

If we turn now to the reissue, we find that the patentee claims that he has invented an improvement in packages for shipping candy-sticks in *cylindrical* vessels. The drawings are substantially the same as in the original, there being some additions to the lettering by way of description of particular parts. He gives a much more elaborate description of the manner of folding the wrapper, and adds that it may be folded in any suitable manner to form a neat and compact package in outline; and although he deems the manner described preferable, it is not essential, for the main object in forming these packages, he says, is to maintain a series of candy-sticks in triangular or prismatic packages, so that a number of packages may be packed with great economy of space in one or more layers in a cylindrical shipping-case; but he distinctly declares in the reissue he does not claim the wrapper or envelope shown, because he proposes to claim it in a separate application.

In the reissue, the two original claims are expanded into six. The first claim is for the package with an envelope or wrapper substantially as described, so that if the package is made up in the manner described, without regard to the application of the die or recess in the block already mentioned, it would seem to be within this claim; the second is the combination of the package with a cylindrical shipping-case; the third is the combination of the package within an envelope or wrap-

per, provided with overlapping folds or flaps, and a cylindrical ship-ping-case; the fourth is similar to the third, except that the cylin-drical shipping-case is not mentioned; and the fifth refers to the manner of forming the package by placing the wrapper in the recess of the block, filling it with sticks of candy and closing it in the man-ner described. The sixth claim, though substantially like the fifth, is not in controversy here and need not be particularly mentioned.

The material difference between the original and the reissue, when we separate each into its several parts and look to the substance of both, is, that whereas in the original the patentee did not necessarily include, as a part of the subject-matter of his patent, the connection of a cylindrical vessel with the packages, in the reissue, that seems to be indispensable to some of the claims.

The first, second, third, and fourth claims in the reissue speak of the form of the package as being wedge-shaped or prismatic, without regard to the manner in which the package has been brought to or assumed that particular shape; and if it be true that the wrapper or envelope as described is not a part of these respective claims, then it seems clear that they are invalid, because we may imagine any one could make up a package in that form by mere manipulation, and therefore it would seem the only ground upon which they can be sus-tained is by their construction and formation in the mode described, through the angular recess in the block; and if this view of the claims in the reissue is correct, then all that would remain as the subject of controversy would be the fifth claim. But can this be considered the true construction of the patent and of the claims? It seems that the object of the patentee was to draw within the terms of his patent—*First*, a packet, however made, provided *it* contained candy-sticks, and was of the form described, and inclosed within a wrapper suffi-ciently stiff to hold the sticks together, assuming that the form of the package was neat and compact in outline; and, *secondly*, a package like the one just described, provided it was made by means of the angular recess. Now this can hardly be said to be a correct view of the patent as contained in the specifications and in the claims, be-cause it seems impossible to avoid the conclusion that in all the claims the wrapper, folded substantially as described, is an essential element, notwithstanding the general disclaimer which is contained outside of the claims in the body of the specifications; for the first, second, and fourth claims refer to the wrapper as folded substantially as described; and the third claim speaks of the wrapper as being pro-vided with overlapping folds or flaps to guard the base and sides of the packet; and the fifth claim speaks of closing the wrapper upon the candy-sticks, substantially as described; so that, in all the claims in controversy here, the wrapper, as described in the body of the specifications, seems to be essential; so that if it were admitted that the forming a package in the manner described, containing sticks of candy inclosed in a wrapper in any suitable manner to make it neat

and compact in outline, were patentable, that is not what the patentee claims; and there seems to be no doubt that, assuming as has just been stated, that the wrapper, folded in the way described over the sticks of candy, is an essential part of the claims, the defendants do not infringe. Where a combination is claimed, it is a familiar principle that all the parts of the combination must be used by the defendant in order to constitute an infringement.

The bill must be dismissed.